IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RRL HOLDING COMPANY OF OHIO,
LLC, et al.**

        **Plaintiffs,**

    v.                                    **Civil Action 2:18-cv-1132
Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

**MERRILEE STEWART,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 4). For the reasons that follow, it is **RECOMMENDED** that Plaintiffs' Motion to Remand be **GRANTED**.

**I.    BACKGROUND**

Defendant is a former member of Plaintiff RRL Holding Company of Ohio, LLC ("RRL") and a former officer of Plaintiff Firefly Agency LLC (f/k/a IHT Insurance Agency Group) ("Firefly") (collectively, "Plaintiffs"). (Doc. 2, ¶ 4). In 2014, Defendant was removed as president of Plaintiff Firefly and as a member of Plaintiff RRL. (*Id.*, ¶ 7). Since Defendant's removal in 2014, the parties have had a contentious and litigious relationship. (*Id.*, ¶¶ 9–28).

Frustrated with Defendant's alleged "bad-faith litigation vendetta," (*id.*, ¶ 8), on August 23, 2018, Plaintiff filed the instant action in the Franklin County Court of Common Pleas and requested that the court declare Defendant a vexatious litigator under Ohio Revised Code § 2323.52. (*See generally* Doc. 2). Other than their vexatious litigator claim under Ohio law, Plaintiffs did not bring any other claim. (*See id.*).

In response to Plaintiffs' Complaint, Defendant filed her Answer and the Counterclaim and Third Party Complaint and Joinder of, and Assertion of Claims/Counterclaims Against, New

Parties Fritz Griffioen, William Griffioen and Rodney Mayhill (Doc. 3) on September 25, 2018. Defendant brought a number of state and federal counterclaims against Plaintiffs and other third parties. (Doc. 3, ¶¶ 232–289; *id.*, ¶¶ 361–401).

Defendant then filed a Notice of Removal (Doc. 1) in this Court on September 27, 2018. In the "Basis of Jurisdiction" section of her Notice, Defendant stated:

> [The] basis of Jurisdiction is pursuant to Federal Questions in that the resolution of this case depends on the application of federal law pursuant to 28 U.S. Code § 1331 and the application of the United States Constitution.
> The United States district courts have original, exclusive subject matter jurisdiction over "all offenses against the laws of the United States 18 U.S.C. § 3231.
> This case involves the application of exclusive Federal Jurisdiction laws contained in United State title 18 crimes pursuant to U.S. Code § 2238, whereas the district courts of the United States shall have exclusive jurisdiction.

(*Id.* at 5). Defendant continued, explaining that this case also involves the Civil Rights Act, the Fair Housing Act, and "Federal Antitrust Laws." (*Id.* at 5–6).

Plaintiffs filed their Motion to Remand on October 3, 2018. Defendant filed her Response in Opposition (Doc. 10) on October 24, 2015, and Plaintiffs filed their Reply (Doc. 11) the next day on October 25, 2018. The Motion is now ripe for resolution.

## II.     STANDARD OF REVIEW

"[A] defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996). The basis for removing a state court case to federal court "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936).

Under the well-pleaded complaint rule, district courts have federal question removal

jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). "[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)). "[S]ince the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, ... to have the cause heard in state court.'" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)).

"The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citation omitted). "[R]emoval statutes are to be strictly construed, and all doubts should be resolved against removal." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017), *cert. denied sub nom. Cook v. Mays,* 138 S. Ct. 1557, 200 L. Ed. 2d 743 (2018) (citations and internal quotation marks omitted).

### III. DISCUSSION

Relying on the well-pleaded complaint rule, Plaintiffs request that this case be remanded to state court. (*See* Doc. 4). They emphasize that they filed a single-count state law action in state court and that therefore there is no basis for removal based on federal question jurisdiction. (*See id.* at 2).

Defendant's Response is difficult to follow. She appears to argue that (1) Plaintiffs' state

law claim is preempted by federal law (Doc. 10 at 5–8); (2) Plaintiffs' Complaint is "entirely Federal," (*id.* at 8); (3) the Plaintiffs' Complaint is "exclusively Federal" because it references a number of acts and lawsuits affecting interstate commerce, (*id.* at 8–12); and (4) removal was also appropriate based on diversity jurisdiction because one of the counterclaim defendants is a resident of Michigan, (*id.* at 12–13).

Remand is appropriate here. It is clear from the face of Plaintiffs' single-count complaint that there is no federal question presented. (*See generally* Doc. 2 (bringing a claim under Ohio's vexatious litigator statute, Ohio Revised Code § 2323.52)). And federal question jurisdiction is a proper ground for removal "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Defendant's filing of counterclaims based on federal statutes and the United States Constitution therefore cannot establish federal question jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counter-claim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

Defendant's arguments to the contrary are not persuasive. First, Defendant fails to develop her argument that Plaintiffs' state law claim is somehow preempted by federal law. She offers no authority for the proposition that Ohio's vexatious litigator statute is preempted by federal law, and the Court cannot discern any basis for such an argument.

Second, Plaintiffs' Complaint is not "entirely" or "exclusively" federal in nature. To the contrary, Plaintiffs' Complaint contains a single state law claim. The fact that the Complaint refers to the parties' prior litigation history in which Defendant has raised federal claims against Plaintiff does not establish federal question jurisdiction here. *See* 28 U.S.C. § 1331 (providing

that district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Third, Defendant cannot salvage her removal argument through her claim of diversity jurisdiction. "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993)). At the time of the filing of the Complaint, all parties were citizens of Ohio. (*See* Doc. 2, ¶¶ 2–4 (alleging that Plaintiffs and Defendant are citizens of Ohio); Doc. 3, ¶¶ 3–5 (admitting that Plaintiffs and Defendant are citizens of Ohio)). Lacking complete diversity between the parties, Defendant cannot remove on the basis of diversity jurisdiction. *See Jerome-Duncan*, 176 F.3d at 907. Moreover, the plain terms of the removal statute prohibit Defendant from removing based on diversity jurisdiction. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (citing 28 U.S.C. § 1441(b) and recognizing that an action may not be removed based solely on diversity jurisdiction if any "part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.").

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiffs' Motion to Remand (Doc. 4) be **GRANTED** and that this case be **REMANDED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for

the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  October 29, 2018              /s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE