IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RRL HOLDING COMPANY OF OHIO, LLC, *et al.*, : : : | |
| Plaintiffs, : : | Case No. 2:18-cv-1132 |
| v. : : | JUDGE ALGENON L. MARBLEY |
| MERRILEE STEWART, : : | Magistrate Judge Jolson |
| Defendant. : | |

## OPINION & ORDER

This matter comes before the Court on the Magistrate Judge's November 9, 2018, **Report and Recommendation** (ECF No. 12), which recommended that Plaintiffs' Motion for Remand (ECF No. 4) be **GRANTED**. The Court hereby **ADOPTS** the Report and Recommendation in its entirety based on the independent consideration of the analysis therein.

### I. BACKGROUND

Defendant is a former member of Plaintiff RRL Holding Company of Ohio, LLC ("RRL") and a former officer of Plaintiff Firefly Agency LLC (f/k/a IHT Insurance Agency Group) ("Firefly") (collectively, "Plaintiffs"). (ECF No. 2 at 2-3). In 2014, Defendant was removed as president of Plaintiff Firefly and as a member of Plaintiff RRL. (*Id*. at 2).

Following the removal of Defendant as President of Plaintiff Firefly and as a member of Plaintiff RRL, the relationship between Plaintiffs and Defendant has been what the Report and Recommendation classified as "contentious and litigious" (ECF No. 12 at 1). One facet of this litigious relationship is the numerous amount of claims and legal actions brought against Plaintiffs by Defendant. Plaintiffs allege these claims and actions are a "bad-faith litigation

vendetta." (ECF No. 2 at 3). As such, Plaintiffs requested this Court declare Defendant to be a "vexatious litigator" under Ohio Revised Code §2323.52. (ECF No. 2). The vexatious litigator request is the only claim brought by Plaintiffs.

Following Plaintiffs' complaint, Defendant filed a Counterclaim and Third-Party Complaint and Joinder of additional parties. (ECF No. 3). Additionally, Defendant brought several state and federal counterclaims against both Plaintiffs and other third parties. (*Id*. at 31-52). Defendant then used these counterclaims as the basis for filing a Notice of Removal, explaining that the case involves federal questions: the Civil Rights Act, the Fair Housing Act, and "Federal Antitrust Laws." (*Id*. at 3-4.)

Plaintiffs then filed the instant Motion to Remand, to which Defendants filed a memorandum contra and Plaintiffs filed a reply.

## II. STANDARD OF REVIEW

When objections to a Magistrate Judge's report and recommendation and received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Here, Defendant has filed specific objections to the Report and Recommendation, and thus the Court reviews the properly objected portion of the recommended disposition *de novo*. Additionally, solely because Defendant is pro se, the Court will review items that Defendant has improperly objected to via her response to the Report and Recommendation. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

When requesting removal to federal court, "the party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citation omitted). When reviewing the appropriateness of removal, all doubts as to whether removal is proper should be resolved in favor of remand to state court. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Removal based on a "federal question" jurisdiction requires that the cause of action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). It is "now settled law" that a case may not be removed "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

### III. LAW AND ANALYSIS

Plaintiffs ask this Court to remand this case to state court based on the well-pleaded complaint rule. Plaintiffs do not object to any of the findings of the Magistrate Judge. Defendant objects to the Magistrate Judge's conclusion that there is no federal question present. Defendant asserts that application of the "artful pleading" doctrine will show that despite Plaintiffs' alleged attempts at concealing federal claims, such questions are present in Plaintiffs' case. Defendant further asserts that Plaintiffs' business actions constitute a violation of anti-trust law, which is a federal matter, thus moving the case into federal question jurisdiction. Defendant argues that federal question jurisdiction is present because Plaintiffs' claim is federal in nature. It appears

that these objections to the Report and Recommendation are restatements of the arguments presented to the Magistrate Judge in the first place. Such arguments are unclear and lack merit.

### A. Lack of Federal Claims

Plaintiffs allege a single state law claim on the face of their complaint. Defendant argues that the "artful pleading" doctrine makes removal to federal court appropriate, alleging that the Plaintiffs "omitted" and "obfuscated" federal claims related to the present case. (ECF No. 16 at 14). Defendant argues that the Magistrate Judge should have followed "artful pleading" doctrine to see through the alleged omission and obfuscation, to reveal federal claims, and to remove the case to federal court. (*Id*. at 13).

In order to properly present a federal question suitable for federal jurisdiction, the "…federal question[] 'must be disclosed upon the face of the complaint, unaided by the answer." *Phillips Petroleum Co. v. Texaco, Inc*., 415 U.S. 125, 127–28 (1974) (citing *Gully v. First National Bank in Meridian*, 299 U.S. 109, 113 (1936). 28 U.S.C § 1331. As noted by the Magistrate Judge, Plaintiffs' complaint contains a single claim which arises under state law, Ohio's vexatious litigator statute. Accordingly, the Magistrate Judge did not err in concluding that no federal question is present on the face of the complaint.

Defendant also argues that the "artful pleading" doctrine "allows the court to look behind the face of a complaint to determine if a plaintiff is concealing the federal nature of his claim" and the Magistrate Judge should have used the doctrine to find federal question jurisdiction appropriate. (ECF No. 16 at 14).

Defendant misapplies the "artful pleading doctrine." The doctrine is appropriate when "federal law completely preempts a plaintiff's state-law claim." *City of Warren v. City of Detroit*, 495 F.3d 282, 287 (6th Cir. 2007) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475

4

(1998)). The logic is that "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

The Magistrate Judge noted an "inability to discern a basis" for an argument that federal law completely preempts Ohio vexatious litigator statute. (ECF No. 12 at 4). The Supreme Court has clarified that only certain federal statutes completely preempt state law in the relevant area. *See generally Sullivan v. Am. Airlines,* 424 F.3d 267, 272 (2d Cir. 2005). Therefore, the Magistrate Judge did not err by not applying the "artful pleading" doctrine.

### B. Nature of Plaintiff's Business

Defendant asserts that because the Plaintiffs' businesses deal in multiple states, this case presents a federal question because it is a matter of interstate commerce. As above, "a defense that raises a federal question is inadequate to confer federal jurisdiction*." Merrell* at 808. Plaintiffs' complaint contains only a single state-law claim, and the Court is not to look beyond the complaint in establishing jurisdiction. *Caterpillar* at 392. For these reasons, the only relevant issue is the Plaintiff's claim under Ohio's vexatious litigator statute, which does not present a federal question. Whether the Plaintiffs themselves transact in interstate commerce has no bearing on whether their Complaint presents a federal question. Therefore, the Magistrate Judge was correct in granting remand due to the lack of federal question jurisdiction.

### C. Substantial Questions of Federal Law

In her Objection to the Report & Recommendation, Defendant asserts that this case depends on the resolution of a substantial question of federal law (ECF No. 16). This issue was also raised by the Defendant in her response to the order (ECF No. 2).

This Court will not look beyond Plaintiffs' well-pleaded complaint when assessing this jurisdictional matter. To discern whether a complaint properly presents a federal question, courts ask, "…does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial?..." *Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.,* 545 U.S. 308, 314 (2005). Additionally, federal question jurisdiction is present "only if plaintiffs' right to relief *depend[s] necessarily* on a substantial question of federal law." *Thompson v. Merrell Dow Pharm., Inc.*, 766 F.2d 1005, 1006 (6th Cir. 1985) (emphasis in the original), *aff'd*, 478 U.S. 804 (1986). In the instant case, Plaintiffs are requesting relief based only on a state statute. Plaintiffs have not stated any federal issues in their complaint, and relief under the vexatious litigator statute depends only on Ohio law and not federal law. Therefore, the Federal Question Doctrine does not provide adequate grounds to support removal to federal court. The Magistrate Judge did not err in so concluding.

### D. Supplemental Jurisdiction

In response to the order of the Magistrate Judge, Defendant also argues that removal to federal court was proper based on Supplemental Jurisdiction and the language of 28 U.S.C. §1367. Defendant contends that the state law matter at hand is so related to federal claims that they form part of the same case or controversy. A court will not exercise supplemental jurisdiction unless it "first [has] original jurisdiction over at least one claim in the action." *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005)) (internal quotations omitted). District courts have original jurisdiction of matters "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. Under the well-pleaded complaint rule, the Court only looks at the face of the plaintiff's complaint to determine the matters of the case. Plaintiffs

only bring a single claim which "arises under" Ohio, not federal, laws. Accordingly, this Court could not exercise supplemental jurisdiction because it lacks original jurisdiction over the underlying dispute as well. The Magistrate Judge did not err by concluding that this Court could not exercise supplemental jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, Defendant's objection to the Magistrate Judge's Report and Recommendation are **OVERRULED**, this court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. This case is **REMANDED** to State Court.

**IT IS SO ORDERED.**

                                                                                                                                     s/ Algenon L. Marbley
                                                                                                                      **ALGENON L. MARBLEY**
                                                                                                                      **UNITED STATES DISTRICT JUDGE**

**DATED: June 7, 2019**